PETER C. ANDERSON
United States Trustee
**Nancy Goldenberg (State Bar No. 167544)**
Attorney for the U.S. Trustee
OFFICE OF THE UNITED STATES TRUSTEE
Ronald Reagan Federal Building
    and U.S. Courthouse
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
E-mail: Nancy.Goldenberg@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br>PRES-LAHAINA SQUARE, LLC,<br>a Hawaii limited liability company and,<br>VLJ ALOHA, LLC, a Delaware limited liability company<br><br><br><br><br><br><br><br><br><br>          Debtor. | CHAPTER 11<br>CASE NUMBER: 8:10-18065 TA<br>Jointly Administered with Case No. 8:10-bk-18067 TA<br><br>NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO CONVERT CASES TO CHAPTER 7 OR DISMISS CASES PURSUANT TO 11 U.S.C. §1112(b); REQUEST FOR ANY QUARTERLY FEES DUE AND PAYABLE TO THE U.S. TRUSTEE AT THE TIME OF THE HEARING; DECLARATION OF TERRY BIERS; POINTS AND AUTHORITIES; AND EXHIBITS<br><br>DATE: MARCH 2, 2011<br>TIME: 10:00 A.M.<br>CTRM: 5B |

**TO THE HONORABLE THEODOR C. ALBERT, DEBTORS, DEBTORS' COUNSEL AND OTHER PARTIES IN INTEREST:**

1.  **NOTICE IS HEREBY GIVEN** that on the above date and time and in the indicated courtroom, the United States Trustee for Region 16 (hereafter "U.S. Trustee) will move, and does

1  hereby move this Court for an Order dismissing these cases
2  or converting these cases to one under Chapter 7 on the
3  grounds set forth below. In addition, the U.S. Trustee
4  hereby requests that this Court fix as an administrative
5  expense, any quarterly fees due to the U.S. Trustee and
6  order the Debtors to pay such fees forthwith.
7  2.  If you wish to oppose this Motion, you must **file a written**
8  **response** with the Bankruptcy Court and serve a copy of it
9  upon the U.S. Trustee at the address set forth in the upper
10 left-hand corner of this document, upon the Debtors and the
11 Debtors' attorney **no less than fourteen (14) days** prior to
12 the above hearing date.  If you fail to file a written
13 response to this Motion within such time period, the Court
14 may treat such failure as a waiver of your right to oppose
15 the Motion and may grant the requested relief. *Local*
16 *Bankruptcy Rule 9013-1(f) and (h).*

Respectfully Submitted,

UNITED STATES TRUSTEE FOR REGION 16

Dated: 1/19/11

*/s/ Nancy S. Goldenberg*
Attorney for the U.S. Trustee

-2-

# I.

## INTRODUCTION

The U.S. Trustee is seeking to dismiss these cases pursuant to 11 U.S.C. §1112(b) for the following reason:

(1) The Debtors have failed to file a Plan & Disclosure Statement in compliance with the Court deadline imposed of November 1, 2010;

(2) A lender has recently been granted relief from the automatic stay by this Court, allowing the lender to commence foreclosure proceedings on the estates' sole asset; and,

(3) The Debtors have not filed Monthly Operating Reports for the months of October and November & December 2010.

# II.

## STATEMENT OF FACTS

**1. Filing of Schedules and Statement of Financial Affairs & Joint Administration**

On June 15, 2010, Pres-Lahaina Square, LLC. and VLJ Aloha, LLC. (the "Debtors") filed separate voluntary Chapter 11 petitions. **See Exhibit A.** On June 18, 2010, an order was entered by this Court Authorizing Joint Administration of Chapter 11 Cases. **See Exhibit B.** On July 20, 2010, the Debtors filed Schedules, a Statement of Financial Affairs and other related documents with the Court. The Debtors' main asset is a shopping center located at 840 Wainee Street, Lahaina, Hawaii with a value listed as unknown. **See Exhibit C, bates stamp pages 31, 32, 94 & 95.** However, on October 4, 2010, the Court entered an Order granting the lender relief from the automatic stay, allowing it to commence foreclosure proceedings on Debtors' property. **See**

Exhibit D.

### 2. Failure to File Plan & Disclosure Statement

Pursuant to a hearing held on September 1, 2010, the Court ordered the Debtors to file a Plan & Disclosure Statement on or before November 1, 2010. However, a review of PACER reflects that, to date, the Debtors have not filed a Plan & Disclosure Statement. **See Exhibits A & E and Biers Declaration at ¶5.**

### 3. Failure to File Monthly Operating Reports

The Debtors have not filed Monthly Operating Reports (MORS), as required by the U.S. Trustee, for the months of October, November and December 2010. **See Biers Declaration at ¶6.**

### 4. Quarterly Fees To Be Paid

Quarterly fees for the fourth quarter of 2010 and first quarter 2011 will be due at the time of a hearing on this motion. These fees are estimated to be $1,625 per quarter for the Pres-Lahaina Square, LLC. case, amounting to a total of $3,250 and $325 per quarter for the VLJ Aloha, LLC. case amounting to a total of $650, for an aggregate total due of $3,900. **See Exhibit F & Biers Declaration at ¶7.**

## III.

### POINTS AND AUTHORITIES

The U.S. Trustee respectfully submits the following memorandum of points and authorities in support of his motion to dismiss this case pursuant to 11 U.S.C. §1112(b). Under 11 U.S.C. § 1112(b)(1), the Court may dismiss or convert a case if a movant establishes "cause."

**(1) Debtors' Failure to Comply with Court Order**

Under § 1112(b)(4)(E), the term "cause" includes "failure to

-4-

1  comply with an order of the court."   As set forth above, the

2  Debtors have violated this Court's order requiring that they file

3  a plan and disclosure statement by November 1, 2010 and failed to

4  seek an extension of this deadline before it expired - or at any

5  time.

6  Under § 1112(b)(4)(H), the term "cause" includes "failure

7  timely to provide information or attend meetings reasonably

8  requested by the United States Trustee..."   Local Bankruptcy Rule

9  2015-2(b) also provides that timely compliance with the

10  reasonable requirements of the U.S. Trustee is mandatory.   Case

11  law also provides that the Debtor-in-Possession is a fiduciary to

12  the estate and its creditors.   "If a Debtor remains in

13  possession-- that is, if a trustee is not appointed-- the

14  Debtor's directors bear essentially the same fiduciary obligation

15  to creditors as would the trustee for a Debtor out of possession.

16  *In re Commodity Future Trading Comm'n v. Weintraub*, 471 U.S. 343,

17  355, 105 S.Ct. 1986, 1994, 85 L.ED. 2d 372 (1985) (citing *Wolf v.*

18  *Weinstein*, 372 U.S. 633, 649-52 & 651, 83 S.Ct. 969, 979-808,

19  980, 10 L.Ed. 2d 33 (1963).   The hallmark of a trustee is

20  accountability and segregation of funds.   These rules are

21  reflected in the requirements (for example) that the Debtor-in-

22  Possession open a separate DIP account, file monthly DIP

23  statements with the United States Trustee and obtain court

24  approval for transactions out of the ordinary course of business.

25  *In re Nugelt, Inc.*, 142 B.R. 661 (Bankr. D. Del. 1992).

26  **(2)   Debtors' Failure to Comply with U.S. Trustee's**

27  **Requirements**

28  Under § 1112(b)(4)(H), the term "cause" includes "failure

1  timely to provide information or attend meetings reasonably
2  requested by the United States Trustee..." Local Bankruptcy Rule
3  2015-2(b) also provides that timely compliance with the
4  reasonable requirements of the U.S. Trustee is mandatory. Case
5  law also provides that the Debtor-in-Possession is a fiduciary to
6  the estate and its creditors. "If a Debtor remains in
7  possession-- that is, if a trustee is not appointed-- the
8  Debtor's directors bear essentially the same fiduciary obligation
9  to creditors as would the trustee for a Debtor out of possession.
10 *In re Commodity Future Trading Comm'n v. Weintraub*, 471 U.S. 343,
11 355, 105 S.Ct. 1986, 1994, 85 L.ED. 2d 372 (1985) (citing *Wolf v.
12 Weinstein*, 372 U.S. 633, 649-52 & 651, 83 S.Ct. 969, 979-808,
13 980, 10 L.Ed. 2d 33 (1963). The hallmark of a trustee is
14 accountability and segregation of funds. These rules are
15 reflected in the requirements (for example) that the Debtor-in-
16 Possession open a separate DIP account, file monthly DIP
17 statements with the United States Trustee and obtain court
18 approval for transactions out of the ordinary course of business.
19 *In re Nugelt, Inc.*, 142 B.R. 661 (Bankr. D. Del. 1992).
20      As set forth above in the Statement of Facts, the Debtors
21 have failed to file their Monthly Operating Reports for the
22 months of October, November and December 2010.

### IV.

### CONCLUSION

25      For each and all of the above reasons, and also based upon
26 such other and further oral and/or documentary evidence as may be
27 presented at the time of the hearing, the U.S. Trustee
28 respectfully requests as follows:

| | | |
|---|---|---|
| A. | That this Court grant the U.S. Trustee's motion herein and dismiss these cases or convert them to cases under chapter 7; |
| B. | That this Court grant judgment in favor of the United States Trustee for any unpaid quarterly fees and/or that this court fix as an administrative expense, any quarterly fees due to the U.S. Trustee and order the Debtors pay such fees forthwith; and |
| C. | That this Court order such other and further relief as it deems appropriate under the circumstances. |

Respectfully Submitted,

UNITED STATES TRUSTEE FOR REGION 16

Dated: 1/19/11

/s/ *Nancy S. Goldenberg*
Attorney for the U.S. Trustee

**DECLARATION OF TERRY BIERS**

I, Terry Biers, hereby declare and state as follows:

1. I am employed as a Bankruptcy Analyst by the United States Trustee ("U.S. Trustee") for Region 16. I have been employed by the U.S. Trustee for over 18 years.

2. On June 15, 2010, Pres-Lahaina Square, LLC. and VLJ Aloha, LLC. (the "Debtors") filed separate voluntary Chapter 11 petitions. **See Exhibit A.** On June 18, 2010, an order was entered by this Court Authorizing Joint Administration of Chapter 11 Cases. **See Exhibit B.**

3. On July 20, 2010, the Debtors filed Schedules, a Statement of Financial Affairs and other related documents with the Court. The Debtors' main asset is a shopping center located at 840 Wainee Street, Lahaina, Hawaii with a value listed as unknown. **See Exhibit C, bates stamp pages 31, 32, 94 & 95.**

4. On October 4, 2010, the Court entered an Order granting the lender relief from the automatic stay, allowing it to commence foreclosure proceedings on Debtors' property. **See Exhibit D.**

5. Pursuant to a hearing held on September 1, 2010, the Court ordered the Debtors to file a Plan & Disclosure Statement on or before November 1, 2010. However, a review of PACER reflects that, to date, the Debtors have not filed a Plan & Disclosure Statement. **See Exhibits A & E.**

6. The Debtors' have not filed Monthly Operating Reports (MORS), as required by the U.S. Trustee, for the months of October, November and December 2010.

7. Quarterly fees for the fourth quarter of 2010 and first

quarter 2011 will be due at the time of a hearing on this motion. These fees are estimated to be $1,625 per quarter for the Pres-Lahaina Square, LLC. case, amounting to a total of $3,250 and $325 per quarter for the VLJ Aloha, LLC. case amounting to a total of $650, for an aggregate total due of $3,900. **See Exhibit F.**

I declare under penalty of perjury and under the laws of the State of California and the United States of America that the foregoing is true and correct, and if called as a witness I could and would completely testify thereto.

Executed this 19th day of January 2011 at Santa Ana, California.

Dated: 1/19/11                    /S/ TERRY BIERS
                                  TERRY BIERS
                                  BANKRUPTCY ANALYST